## TROY HARRIS v. THE STATE.

No. 18327. Delivered June 10, 1936.

The opinion states the case.

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

Vance Beaird, the alleged injured party, testified that on August 21, 1935, he was in Fort Worth, Texas, planning to go to Denver, Colorado. In Fort Worth, he met Marion Mayfield at a Travel Bureau and talked to him about going to Colorado. Mayfield said he had a friend in Midlothian, who wanted to go there. They went to Midlothian and met the appellant, Troy Harris, who joined them. After being together for a while they started for Fort Worth. As Beaird was driving the car, he was struck on the head by some hard instrument in the hands of the appellant, and his money taken from him. Beaird testified that he had sixty-five dollars in the following denominations: one $20 bill, one $10 bill, one $1.00 bill and five $5

bills. After taking his money, appellant and Mayfield tried to tie Beaird but he escaped and went to a farm house where he telephoned to an officer in Midlothian.

Beaird had a suitcase in which he had some razor blades, a razor strop, some sox and a few articles. Some of these articles were afterwards found in the appellant's suitcase, and a pair of sox were found in Mayfield's coat pocket.

There was testimony corroborative of the statements of Beaird. The witness, Poulter, deputy jailer, testified that he saw Beaird at the jail on the morning after the alleged robbery, and upon examination he found knots on his head and bruises upon his face and arm. A brick with hair on it was found in Beaird's automobile. Hayes, a constable, testified that he answered a call, found Beaird and took him to Midlothian. The witness found two empty suitcases under a bridge about 200 yards from where the car was located. Rogers, a deputy sheriff, of Ellis County, testified that he investigated the robbery and talked to Beaird in Midlothian; that he smelled no whisky upon his breath. The next morning the witness saw appellant some 400 yards from Beaird's car which had been wrecked. Appellant was crawling through a fence and going out on the highway. Rogers called to him to stop. Appellant fled and Rogers fired his pistol for the purpose of stopping him. Appellant continued to run until he was finally overtaken about a quarter of a mile from the place where he was discovered. The witness Morris gave testimony substantially the same as that of Rogers.

Appellant testified in his own behalf to the effect that Beaird and Mayfield came to the house where he was staying and talked to him about going with them to Nebraska for the purpose of working in the wheat fields. Appellant said he was broke but said he would go if Mayfield would pay his expenses and later be reimbursed by appellant. Appellant, Beaird and Mayfield started out in Beaird's car. They stopped to eat some sandwiches and drank some whisky. They got on the wrong road, and Beaird and Mayfield got into an argument. Appellant said that while the two were arguing, he walked off into a field and went to sleep. He denied robbing Beaird. He said he had no money when arrested by the officers on the morning after the alleged robbery.

The indictment is regular in charging appellant with the robbery.

The testimony which is deemed material to the appeal has been stated above.

520

Three bills of exception are found in the record.

The complaint in Bill of Exception No. 1 is that the court erred in overruling the appellant's exception to the testimony of Rogers relative to the identification of the suitcase found under a bridge not far from the car of the alleged injured party. Touching the bill, the court made the following statement:

"The above and foregoing bill of exception was presented to me by the defendant for approval, and I certify that the matters, facts and testimony adduced therein stated in fact did not occur in said trial of said cause and further certify the said witness did not undertake to identify said suit case as will be shown by reference to statement of facts, page 6, last paragraph."

The other two bills of exception presented by appellant were qualified by the court in substantially the same language as that used in the qualification above quoted.

Deeming the evidence sufficient to sustain the conviction, and no fundamental error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*